IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY CASE NO. |
| | § | |
| Q'MAX AMERICA, INC., ET AL. | § | 20-60030-CML |
| | § | |
| DEBTORS | § | CHAPTER 7 |
| | § | |
| CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE; | § § | |
| Plaintiff; | § | ADV. PROC. NO. 22-06054 |
| v. | § | |
| | § | |
| WEGO CHEMICAL LLC; | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**DEFENDANT WEGO CHEMICAL LLC'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR FAILURE TO STATE A CLAIM <u>UPON WHICH RELIEF CAN BE GRANTED</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... 3

PRELIMINARY STATEMENT ........................................................................................... 5

FACTUAL BACKGROUND ................................................................................................ 5

GROUNDS FOR DISMISSAL .............................................................................................. 6

ARGUMENT AND AUTHORITIES .................................................................................... 7

    A.    Statement of Issues. ............................................................................................. 7

    B.    Legal Standards Applicable to Motions Under Rule 12(b)(6). ........................... 7

        (i)    Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." ................................................................................ 7

        (ii)    Rule 9(b) requires that alleged fraudulent conduct be pled with particularity. ........................................................................................... 8

    C.    Plaintiff's actual fraudulent transfer claims are not alleged with the specificity required by FED. R. CIV. P. 9(b). ......................................................................... 9

    D.    Plaintiff fails to plead enough facts to state a claim for constructive fraudulent transfer that is plausible on its face. ................................................................... 11

    E.    Plaintiff fails to sufficiently allege a "triggering creditor" and therefore lacks standing to assert claims pursuant to 11 U.S.C. § 544(b)(1) to avoid transfers under TUFTA. ...................................................................................................... 14

    F.    Plaintiff wholly fails to allege factual basis for the existence of essential elements of its preference claim under 11 U.S.C. § 547(b). .............................. 15

    G.    Plaintiff, having failed to sufficiently allege substantive claims for relief, is not entitled to recover the remedies he seeks. ........................................................... 16

PRAYER ................................................................................................................................ 17

CERTIFICATE OF SERVICE ............................................................................................ 18

# INDEX OF AUTHORITIES

**Cases**

*All Tex. Elec. Contrs., Inc. v. NSPS Metals LLC (In re All Tex. Elec. Contrs., Inc.),* 2022 Bankr.LEXIS 113, 2022 WL 162786 (Bankr. S.D.Tex. Jan. 18, 2022) ............................12, 13, 17

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) .......................................................7, 11, 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) ......................7, 8, 10, 11, 13

*Brown v. Douglas (In re Specialty Select Care Ctr. of San Antonio, LLC)*, Case No. 17-44248, 2021 Bankr. LEXIS 1933 (Bankr. N.D. Tex. July 21, 2021) ............8, 9, 10, 11, 14, 15, 16

*Cage v. Davis (In re Giant Gray, Inc.)*, 629 B.R. 814, 2020 Bankr. LEXIS 2980, 2020 WL 6226298 (Bankr. S.D. Tex. Oct. 22, 2020) ...................................................................................12

*Guff v. Brown (In re Brown Medical Center, Inc.)*, 552 B.R. 165 (S.D. Tex. 2016).........................8

*In re Almazon*, No. 10-70253, 2011 Bankr. LEXIS 776, 2011 WL 841349 (Bankr. S.D. Tex. Mar 7, 2011)..................................................................................................................................8, 11

*In re Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007)...............................7, 11, 13

*In re Life Partners Holdings, Inc.,* 926 F.3d 103 (5th Cir. 2019)..........................................8, 11, 12

*In re NE 40 Partners, Ltd.,* 411 B.R. 352 (Bankr. S.D. Tex. 2009) .................................................8

*Katchadurian v. NGP Energy Capital Mgmt., LLC (In re Northstar Offshore Grp., LLC)*, 616 B.R. 659 (Bankr. S.D. Tex. 2020) ..........................................................................8, 14, 15, 16

*Matter of UTSA Apts. 8, LLC, Debtor*, 886 F.3d 473 (5th Cir. 2018) ...........................................16

*Plotkin v. IP Axess Inc.*, 407 F.3d 690 (5th Cir. 2005) ....................................................................8

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353 (5th Cir. 2004) ........................8

*Symetra Life Ins. Co. v. Rapid Settlements*, 612 F.Supp.2d 759 (S.D. Tex. 2007)..........................8

**Statutes**

11 U.S.C. § 542.........................................................................................................................6, 17

11 U.S.C. § 544........................................................................................2, 5, 6, 7, 12, 14, 15, 16

11 U.S.C. § 547..................................................................................................2, 5, 6, 7, 15, 16

11 U.S.C. § 548.............................................................................................................6, 9, 11, 12, 16

11 U.S.C. § 550................................................................................................................6, 12, 16

TEX. BUS. & COM. CODE § 24.001 ...............................................................................................6

TEX. BUS. & COM. CODE § 24.005 ..............................................................................6, 9, 11, 12

TEX. BUS. & COM. CODE § 24.006 ................................................................................6, 11, 12

TEX. BUS. & COM. CODE § 24.008 ................................................................................6, 12, 14

**<u>Rules</u>**

FED. R. CIV. P. 12(b)(6) ........................................................................................................2, 6, 7

FED. R. CIV. P. 8(a) ......................................................................................................................11

FED. R. CIV. P. 9(b) .............................................................................................2, 5, 6, 8, 9, 10, 11

**<u>Treatises</u>**

5 COLLIER ON BANKRUPTCY ¶ 544.06 (Richard Levin & Henry J. Sommer eds., 16th ed.) ........ 14

To The Honorable Christopher Lopez, United States Bankruptcy Judge:

COMES NOW Wego Chemical, LLC (hereinafter "Wego"), a Defendant in the above entitled and numbered cause, and files this Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, and in support thereof would respectfully show the Court as follows:

## PRELIMINARY STATEMENT

Plaintiff, the Trustee in bankruptcy for Debtor Q'Max America, Inc., purports to allege claims against Wego for actual fraudulent transfer and constructive fraudulent transfer under federal law and Texas law and for the recovery of preferences under 11 U.S.C. § 547. Plaintiff fails to state its actual fraudulent transfer claim with the particularity required by Fed. R. Civ. P. 9(b). Plaintiff's constructive fraudulent transfer claims are based on bare conclusions, insufficient factual content, formulaic recitations of statutory elements and erroneous information such that they do not plausibly state a claim. Plaintiff also fails to sufficiently plead the "triggering creditor" predicate to recovery under the Texas Uniform Fraudulent Transfer Act via 11 U.S.C. § 544(b)(1) and fails to allege the factual basis for elements of its preference claim under 11 U.S.C. § 547(b). Finally, having failed to state substantive claims for relief, Plaintiff is not entitled to recover the remedies he seeks.

## FACTUAL BACKGROUND

1. On May 24, 2022, Plaintiff Christopher R. Murray, Chapter 7 Trustee in bankruptcy for Debtors Q'Max America, Inc. and Anchor Drilling Fluids USA, LLC (hereinafter "Plaintiff" or "the Trustee"), filed his original complaint against Wego. In his original complaint, the Trustee alleges that Debtor Q'Max America, Inc. made transfers to Wego pursuant to invoices issued and for products provided to Anchor; that Anchor engaged Wego to

5

provide products and services to Anchor, none of which were ever used by or benefitted Q'Max America; that payment for the products and services was made to Wego by Debtor Q'Max America, Inc.; that such payments were improper because Debtor Q'Max America, Inc. did not engage Wego or benefit from the products and services provided by Wego; and that the payments therefore constitute fraudulent transfers and/or preferences. The Trustee purports to allege the following claims against Wego:

   a. Count 1: The payments constitute actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) and/or constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B), and that the avoided transfers are recoverable by the Trustee from Wego under 11 U.S.C. § 550(a);

   b. Count 2: The listed payments were made within 90 days prior to the bankruptcy petition filing date, constitute transfers of an interest in property and, even if they are debts of Q'Max America, are nevertheless recoverable by the Trustee from Wego as preference payments under 11 U.S.C. 547(b);

   c. Count 3: The payments were made in violation of the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COM. CODE § 24.001 *et seq.* and constitute actual fraudulent transfers under TUFTA § 24.005(a)(1) and/or constructive fraudulent transfers under TUFTA §§ 24.005(a)(2) and 24.006(a), and that any such avoided transfers are recoverable by the Trustee from Wego under TUFTA § 24.008 and 11 U.S.C. §§ 550(a) and 544(b)(1);

   d. Imposition of a constructive trust under Texas state law and turnover of the attorney fee payments under 11 U.S.C. § 542; and

   e. Attorney's fees and interest.

## GROUNDS FOR DISMISSAL

2. Pursuant to FED. R. CIV. P. 12(b)(6), Wego moves the Court to dismiss Plaintiff's action against it on the grounds of failure to state a claim upon which relief can be granted for the following reasons:

   a. Plaintiff's actual fraudulent transfer claims are not alleged with the specificity required by FED. R. CIV. P. 9(b).

   b. Plaintiff fails to plead enough facts to state a claim for constructive fraudulent transfer that is plausible on its face.

      c. Plaintiff fails to sufficiently allege a "triggering creditor" and therefore lacks standing to assert claims pursuant to 11 U.S.C. § 544(b)(1) to avoid transfers under TUFTA.

      d. Plaintiff wholly fails to allege the factual basis for the existence of essential elements of its preference claim under 11 U.S.C. § 547(b).

      e. Plaintiff, having failed to sufficiently allege substantive claims for relief, is not entitled to recover the remedies he seeks.

## ARGUMENT AND AUTHORITIES

**A.**    **Statement of Issues.**

    1.    The issue presented by this motion is whether Plaintiff has failed to state a claim upon which relief can be granted.

**B.**    **Legal Standards Applicable to Motions Under Rule 12(b)(6).**

    **(i)**    **Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."**

    2.    To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation,* 495 F.3d at 205 (quoting *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1965). Although material allegations in the

complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004); *Symetra Life Ins. Co. v. Rapid Settlements*, 612 F.Supp.2d 759, 771 (S.D. Tex. 2007).

### (ii)     Rule 9(b) requires that alleged fraudulent conduct be pled with particularity.

3.     Rule 9(b) of the Federal Rules of Civil Procedure states that:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

FED. R. CIV. P. 9(b).  A plaintiff must satisfy the heightened pleading requirements of Rule 9(b) in alleging a claim for actual fraudulent transfer. *Katchadurian v. NGP Energy Capital Mgmt., LLC (In re Northstar Offshore Grp., LLC)*, 616 B.R. 659, 733 (Bankr. S.D. Tex. 2020)(citing *Guff v. Brown (In re Brown Medical Center, Inc.)*, 552 B.R. 165, 167 (S.D. Tex. 2016); *In re NE 40 Partners, Ltd.,* 411 B.R. 352, 364-65 (Bankr. S.D. Tex. 2009)(applying Rule 9(b) requirements to fraudulent transfer claims)); *see also Brown v. Douglas (In re Specialty Select Care Ctr. of San Antonio, LLC)*, Case No. 17-44248, 2021 Bankr. LEXIS 1933 at *16, 36-40 (Bankr. N.D. Tex. July 21, 2021); *In re Almazon*, No. 10-70253, 2011 Bankr. LEXIS 776 at *4-5, 2011 WL 841349 at *2 (Bankr. S.D. Tex. Mar 7, 2011). Under Rule 9(b), the plaintiff "must plead the who, what, when, where, and why as to the fraudulent conduct." *In re Northstar Offshore Grp., LLC,* 616 B.R. at 733(citing *In re Life Partners Holdings, Inc.,* 926 F.3d 103, 117 (5th Cir. 2019).

8

C. **Plaintiff's actual fraudulent transfer claims are not alleged with the specificity required by FED. R. CIV. P. 9(b).**

4. Plaintiff purports to allege that 10 listed payments to Wego constitute actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) and TUFTA § 24.005(a)(1). Complaint at ¶¶ 15, 19, 34. Plaintiff attempts to support the claim by asserting that the transfers were made with "actual intent to hinder, delay or defraud" and that "badges of fraud" exist. Complaint at ¶¶ 19, 34.

5. Under the authorities cited in Section B.(ii), above, of this motion, Plaintiff must allege this claim with the particularity required by Rule 9(b) by specifically pleading the who, what, when, where, and why as to the fraudulent conduct. Plaintiff's allegations are insufficient to meet this standard.

6. Plaintiff's allegations of "badges of fraud" are insufficient to satisfy the specificity requirements of Rule 9(b). In support of its actual fraudulent transfer claims, Plaintiff merely alleges that Q'Max America failed to pay some unspecified debt as it became due. Complaint at ¶ 10, 21. In *In re Specialty Select Care Ctr. of San Antonio, LLC*, 2021 Bankr. LEXIS 1933 at *38-39, the court addressed the insufficiency of this type of allegation, stating:

> 61. Second, while there are scattershot allegations within the Complaint that touch upon various badges of fraud (*e.g.*, the insider status of the transferee Defendants, the existence of the personal injury/wrongful death litigation in advance of the sale, the alleged post-petition attempt by Douglas to recharacterize the Sales Proceeds, the Debtor's alleged inability to satisfy claims, etc.), the Complaint fails to tie them together in a sufficiently succinct manner in respect of Counts I and III to adequately and plausibly allege the existence of fraudulent intent on the part of the Debtor with respect to each particular targeted transfer. In this regard, properly focused on the Debtor's intent, the Complaint fails to provide adequate notice to the Defendants of the particular actionable fraudulent intent at issue in relation to each transfer. In relation to Count I, the only reference to intent is with respect to the *Defendants'* actions, alleging that such actions had the intended "effect" of hindering the Debtor's creditors. Nowhere within Count I, however, does the Complaint expressly allege that the Debtor intended to hinder any of its creditors or the factual basis for such belief. In relation to Count III, the Trustee does nothing more than recite the alternative

> statutory grounds for avoidance - *i.e.* merely alleging in the disjunctive that all of the transfers at issue "were made with the actual intent to hinder, delay, or defraud Debtor's creditors." But "a formulaic recitation of the elements of a cause of action will not do[.]"
>
> 62. In relation to both Counts, the Complaint fails to specify (1) whether the Debtor intended to hinder its creditors, intended to delay its creditors, or intended to defraud its creditors (or some specified combination thereof), (2) how or in what way the Debtor intended such harm, (3) towards which creditors or groups or categories of creditors the Debtor's conduct was directed, and (4) the factual basis for the Trustee's belief that the Debtor intended such conduct to affect these creditors or groups or categories of creditors (including, as applicable, any relevant badges of fraud and the factual basis for the existence of such badges of fraud). [Citations omitted].

The *Specialty Select Care Ctr* court found that the actual fraudulent transfer allegations of the complaint failed "to include factual allegations having the level of particularity mandated by Federal Rule 9(b) to state a plausible claim for relief. *Id* at *39-40.

7. Plaintiff's actual fraudulent transfer claims in the present case are similarly deficient. Plaintiff makes only a general, conclusory allegation of the existence of a badge of fraud that is not tied to the actual fraudulent transfer claims in a manner so as to adequately and plausibly allege the existence of fraudulent intent on the part of the debtor with respect to each particular transfer. The complaint alleges no facts demonstrating any of the four matters set out above that were specified by the court in *Specialty Select Care Ctr*. Plaintiff's actual fraudulent transfer allegations are mere "labels and conclusions, and a formulaic recitation of the elements" held insufficient in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65. Plaintiff has failed to plead with particularity the who, what, when, where, and why as to the fraudulent conduct as is required by Rule 9(b) and its actual fraudulent transfer claims should therefore be dismissed for failure to state a claim.

8. Plaintiff also appears to make allegations of intent in a jumbled sentence that involves a confusing array of references to Anchor, Wego and Q'Max America. *See* Complaint

10

at ¶ 17.  The sentence is unclear as to who is alleged to have the purported knowledge, Wego or Q'Max America.  A plaintiff must establish that the *debtor transferor* intended to hinder, delay or defraud its creditors in making the transfer, not that the *recipient transferees* intended such outcome.  *In re Specialty Select Care Ctr. of San Antonio, LLC*, 2021 Bankr. LEXIS 1933 at *37-38; *see also In re Life Partners Holdings, Inc.,* 926 F.3d at 118 (stating that the relevant intent is that of the debtor).  To the extent Plaintiff relies on allegations as to Wego's purported intent, he has failed to state a claim for actual fraudulent transfer.  *See also In re Almazon*, 2011 Bankr. LEXIS 776 at *6.  In any event, the allegations in paragraph 17 of Plaintiff's Complaint do not meet the Rule 9(b) pleading standard for the reasons enunciated in *In re Specialty Select Care Ctr. of San Antonio, LLC*, 2021 Bankr. LEXIS 1933 at *38-39, which are discussed in paragraphs 6-7 of this motion.

9. Alternatively, even if Rule 9(b) does not apply, Plaintiff's actual fraudulent transfer allegations are nevertheless insufficient to plausibly state a claim.  For the reasons set forth above, Plaintiff has not pled enough factual content to allow the court to draw the reasonable inference that Wego is liable, even under the standards of FED. R. CIV. P. 8(a).  *Ashcroft v. Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1965; *In re Katrina Canal Breaches Litigation,* 495 F.3d at 205.  Thus, regardless of the pleading standard applied, Plaintiff's actual fraudulent transfer claims should be dismissed for failure to state a claim on which relief can be granted.

**D.    Plaintiff fails to plead enough facts to state a claim for constructive fraudulent transfer that is plausible on its face.**

10. Plaintiff purports to allege that the listed payments to Wego constitute constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B) and TUFTA §§ 24.005(a)(2) and 24.006(a).  Complaint at ¶¶ 22, 35-36.  Plaintiff alleges that transfers avoided under Section

548(a)(1)(B) are recoverable under 11 U.S.C. § 550(a) and that transfers avoided under TUFTA §§ 24.005(a)(2) and 24.006(a) are recoverable under TUFTA § 24.008 and 11 U.S.C. §§ 550(a) and 544(b)(1). Complaint at ¶¶ 24, 32, 37.

11. The elements of Plaintiff's constructive fraudulent transfer claim under TUFTA §§ 24.005(a)(2) and 24.006(a) are (1) a creditor; (2) a debtor; (3) the debtor transferred assets shortly before or after the creditor's claim arose. *Cage v. Davis (In re Giant Gray, Inc.)*, 629 B.R. 814, 851, 2020 Bankr. LEXIS 2980 at *65-66, 2020 WL 6226298 (Bankr. S.D. Tex. Oct. 22, 2020)(citing *In re Life Partners Holdings, Inc.,* 926 F.3d at 120). In addition, the claimant must plead facts demonstrating (1) a lack of reasonably equivalent value for the transfer; and (2) that the transferor was 'financially vulnerable' or insolvent at the time of the transaction. *Id*.

12. The elements of Plaintiff's constructive fraudulent transfer claim under 11 U.S.C. § 548(a)(1)(B) are that: (1) a transfer was made of the Debtor's property; (2) the transfer was made within two years of the Petition Date; (3) the Debtor received less than reasonably equivalent value in exchange for such transfer; and (4) the Debtor was insolvent at the time of such transfer, or became insolvent as a result of such transfer or obligation. *All Tex. Elec. Contrs., Inc. v. NSPS Metals LLC (In re All Tex. Elec. Contrs., Inc.),* 2022 Bankr.LEXIS 113 at *18-19, 2022 WL 162786 (Bankr. S.D.Tex. Jan. 18, 2022).

13. The premise of this claim is Plaintiff's allegations that there was no contract between Wego and Q'Max America (Complaint at ¶ 17) and that Q'Max America did not benefit from the products and services provided by Wego (Complaint at ¶¶ 16, 20). Plaintiff attempts to support the claim by asserting that the transfers were made for less than equivalent value or reasonably equivalent value (Complaint at ¶¶ 22-23, 35-36), and by alleging as fact the statutory elements of 11 U.S.C. § 548(a)(1)(B) and TUFTA §§ 24.005(a)(2) and 24.006(a) (Complaint at

¶¶ 23, 35, 36). In this regard, Plaintiff alleges the debtor was insolvent on the date each transfer was made, or obligation was incurred, or became insolvent as a result of such transfer or obligation (Complaint at ¶ 23, 36); the debtor was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction, or intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond its ability to pay as they became due (Complaint at ¶ 35); and the debtor was not paying its debts as they became due (Complaint at ¶ 36).

14.     Plaintiff's allegations are insufficient as they constitute bare conclusions and do not plead sufficient factual content. They are merely a rote recitation of labels and conclusions and statutory elements cast in the form of factual allegations. Such allegations are insufficient under *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65; *Ashcroft v. Iqbal*, 556 U.S. at 129; *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205. Moreover, where, as in this case, a string of alleged constructive fraudulent transfers is alleged, the plaintiff has the burden to break down each transfer and show that the debtor did not receive reasonably equivalent value. *In re All Tex. Elec. Contrs., Inc.,* 2022 Bankr.LEXIS 113 at *23-25. The plaintiff must also plead and provide factual support for allegations of insolvency, such as balance sheets or other financial information, for each individual transfer it seeks to avoid. *Id*. Plaintiff has wholly failed to plead such matters and therefore has not pled enough facts to state a claim to relief that is plausible on its face, to raise a right to relief that is more than mere speculation, or to allow the court to draw the inference that Wego is liable. Plaintiff's constructive fraudulent transfer claims should therefore be dismissed.

**E.     Plaintiff fails to sufficiently allege a "triggering creditor" and therefore lacks standing to assert claims pursuant to 11 U.S.C. § 544(b)(1) to avoid transfers under TUFTA.**

15.     TUFTA does not grant any avoidance rights to a trustee in bankruptcy. Instead, TUFTA grants those rights to the creditors of a transferor debtor who have been harmed by the fraudulent transfer at issue. TUFTA § 24.008; *In re Specialty Select Care Ctr. of San Antonio, LLC)*, 2021 Bankr. LEXIS 1933 at *40-42. Section 544(b)(1) is the statutory device that allows a trustee in bankruptcy to avoid a transfer of a debtor's interest in property that is voidable under applicable law — in this case, TUFTA. 11 U.S.C. § 544(b)(1); *In re Specialty Select Care Ctr. of San Antonio, LLC*, 2021 Bankr. LEXIS 1933 at *40-42; *In re Northstar Offshore Grp., LLC)*, 616 B.R. at 724. A bankruptcy trustee seeking to take advantage of this provision must, consistent with the language of the statute and as a prerequisite to statutory standing, demonstrate the existence of an actual creditor with an allowable claim against the debtor. 11 U.S.C. § 544(b)(1); *In re Northstar Offshore Grp., LLC)*, 616 B.R. at 724 (citing 5 COLLIER ON BANKRUPTCY ¶ 544.06 (Richard Levin & Henry J. Sommer eds., 16th ed.)). This "triggering creditor" must be the same creditor on both the transfer date and the date of commencement of the case, although it need not hold the same claim at these two essential points in time. *Id.* If there is no creditor against whom the transfer is voidable under the applicable law, the trustee in bankruptcy is powerless to act under Section 544(b)(1). *Id.* Thus, in order to establish standing, a trustee in bankruptcy must identify an unsecured creditor with a claim, which is avoidable under Texas law, on both the transfer date and the petition date, even if that claim at those two points in time is different. *In re Specialty Select Care Ctr. of San Antonio, LLC*, 2021 Bankr. LEXIS 1933 at *40-42; *In re Northstar Offshore Grp., LLC)*, 616 B.R. at 724.

16.     In the present case, Plaintiff brings claims as trustee in bankruptcy for Debtor Q'Max America and is therefore required to comply with the foregoing pleading requirements to

14

demonstrate standing to bring claims to avoid transfers under TUFTA. While Plaintiff makes cryptic and conclusory reference to the existence of creditors generally (Complaint at ¶ 33), he fails to specifically identify a single unsecured creditor with a claim that is avoidable under Texas law on both the transfer dates[1] and the petition date. Nor has Plaintiff alleged facts demonstrating the existence of a "triggering creditor." Accordingly, Plaintiff has failed to plausibly state a basis for relief under Section 544(b)(1) and TUFTA and Plaintiff's actual fraudulent transfer and constructive fraudulent transfer claims under TUFTA must be dismissed. *See In re Specialty Select Care Ctr. of San Antonio, LLC*, 2021 Bankr. LEXIS 1933 at *40-42; *In re Northstar Offshore Grp., LLC)*, 616 B.R. at 724.

**F.      Plaintiff wholly fails to allege factual basis for the existence of essential elements of its preference claim under 11 U.S.C. § 547(b).**

17.     Plaintiff purports to allege that four payments made to Wego constitute preference payments recoverable by Plaintiff pursuant to 11 U.S.C. § 547(b). Complaint at ¶¶ 25-30. These allegations fail to sufficiently and plausibly state a claim for relief.

18.     Section 547(b) provides in relevant part that

> [T]he trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property -
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made ... between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if - (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of [the Bankruptcy Code].

---

[1] Plaintiff alleges fraudulent transfers were made on 10 different dates. Under the authorities cited here, Plaintiff must identify the "triggering creditor" as to each such alleged transfer, but has failed to do so.

11 U.S.C. § 547(b).

19. In the present case, Plaintiff makes no specific factual allegations with respect to either (i) the antecedent debt allegedly satisfied by the transfers; or (ii) the alleged receipt by Wego of more than it would have received if the case were under chapter 7 and the transfers had not been made. Absent such factual content, Plaintiff has not plausibly alleged sufficient factual basis for the existence of either of the foregoing essential elements of its purported preference claim. *In re Specialty Select Care Ctr. of San Antonio, LLC,* 2021 Bankr. LEXIS 1933 at *45-47. Accordingly, Plaintiff's purported claim for avoidance and recovery of alleged preference payments under 11 U.S.C. § 547(b) must be dismissed for failure to state a claim for relief. *Id.*

**G. Plaintiff, having failed to sufficiently allege substantive claims for relief, is not entitled to recover the remedies he seeks.**

20. Plaintiff purports to allege that he is entitled to recover pursuant to Bankruptcy Code Section 550 with respect to alleged fraudulent transfers under Sections 544 and 548. 11 USC §§ 544, 548, 550; Complaint ¶¶ 23, 24, 32, 37. Section 550 provides that to the extent a transfer is avoided under those sections, a trustee may make certain recoveries for the benefit of the estate. 11 U.S.C. §§ 544, 548, 550. Section 550 is a recovery statute, not a primary avoidance basis for action. *In re Northstar Offshore Grp., LLC)*, 616 B.R. at 729-30. In this case, for the reasons stated above, Plaintiff has failed to state a claim for relief under Sections 544 and/or 548. Consequently, Plaintiff has likewise failed to state a claim on which relief can be granted under Section 550.

21. Plaintiff seeks imposition of a constructive trust. Complaint at ¶ 38. Under Texas law, imposition of a constructive trust is an equitable remedy potentially available in certain breach of fiduciary duty or actual fraud circumstances, however, it is not a cause of action. *Matter of UTSA Apts. 8, LLC, Debtor*, 886 F.3d 473, 488 (5th Cir. 2018). In this case, for the

reasons stated above, Plaintiff has failed to state a claim for fraud. Consequently, Plaintiff has likewise failed to state a basis for imposition of a constructive trust.

22. Plaintiff purports to allege that undefined "Avoidable Transfers" are property of the bankruptcy estate, and he requests judgment for turnover of same pursuant to 11 U.S.C. § 542. Complaint ¶ 39. For the reasons stated above, Plaintiff has failed to state a claim for avoidance of transfers. Plaintiff has therefore failed to plausibly allege Wego is in possession of property that is rightfully in the bankruptcy estate. Accordingly, Plaintiff has failed to state a claim for turnover pursuant to Section 542. *In re All Tex. Elec. Contrs., Inc.,* 2022 Bankr.LEXIS 113 at *17-18.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Wego Chemical, LLC prays that this motion be in all things granted and sustained; that the Court dismiss this action for failure to state a claim upon which relief can be granted; and that Wego have such other and further relief, both general and special, legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Robert M. Corn*
Robert M. Corn
Southern District Bar No. 2064
State Bar of Texas No. 04828600

ATTORNEY-IN-CHARGE FOR DEFENDANT WEGO CHEMICAL, LLC

3131 Eastside St., Suite 440
Houston, Texas 77098-1947
Telephone: 713-229-0055
Facsimile: 713-229-0057
Email: rcorn@corn-law.com

17

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, a true and correct copy of the above and foregoing was served in compliance with the Federal Rules of Civil Procedure upon the following:

*Via S.D. Tex. CM/ECF*
Nicholas R. Lawson
Avi Moshenberg
Matthew Caldwell
McDowell Hetherington LLP
1001 Fannin St., Suite 2700
Houston, Texas 77002

                                                  */s/ Robert M. Corn*
                                                  Robert M. Corn

136.001/2022-09-30 Wego's Mtn to Dismiss