UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: § | § | CHAPTER 7 |
| Q'MAX AMERICA, INC., ET AL. § | § | CASE NO. 20-60030 CML |
| DEBTORS. § | § | (Jointly Administered) |
| § | § | |
| CHRISTOPHER R. MURRAY, § CHAPTER 7 TRUSTEE § | § | |
| PLAINTIFF, § | § | ADVERSARY NO. 22-06054 |
| v. § | § | |
| WEGO CHEMICAL LLC, § | § | |
| DEFENDANT. § | § | |

**TRUSTEE'S RESPONSE TO WEGO CHEMICAL LLC'S MOTION TO DISMISS (ECF NO. 11)**

## Introduction

1. A motion to dismiss is a procedural tool for rooting out claims that are facially implausible, even when their supporting allegations are taken as true. Despite this maxim and Trustee's well-pleaded Complaint, Wego throws a last-minute Hail Mary, hoping to convince the Court to ignore the sufficiency of Trustee's allegations. Wego's attempt, however, never makes it past the line of scrimmage, instead being batted down by Trustee's well-pleaded Complaint.

2. Wego seeks to dismiss each claim in Trustee's Complaint (ECF No. 1). Wego argues Trustee's actual fraudulent transfer claims fail to meet Rule 9(b)'s heightened pleading

standard and that his constructive fraudulent transfer claims lack specificity. Wego also argues Trustee lacks standing to assert TUFTA claims and Trustee failed to allege a factual basis for his preference claim.

3. None of these arguments can be reconciled with the facts or law. *First*, Wego's argument that Trustee's actual fraudulent transfer allegations violate Rule 9(b) should be disregarded. Rule 9(b)'s heightened pleading standard does not apply here. Even if it did, the Complaint pleads the *who*, *what*, *when, where*, and *why* Rule 9(b) requires. *Second*, Wego's argument regarding Trustee's constructive fraudulent transfer claims fails because the Complaint contains the necessary specificity. The Complaint alleges QAI made the transfers within the two-year period prior to the filing of the bankruptcy, and it alleges QAI did not receive reasonably equivalent value for the transfers. Moreover, it alleges facts throughout establishing insolvency. *Third*, as to Trustee's standing to sue under TUFTA, Wego's argument cannot be reconciled with 5th Circuit caselaw on the matter and should be disregarded since the Complaint sufficiently alleges that a predicate, or "triggering," creditor exists. And *fourth*, Trustee has sufficiently alleged QAI's payments to Wego alternatively satisfied antecedent debts under § 547(b)(2), and Wego received more than it would otherwise under § 547(b)(5).

4. Because the Trustee pleaded plausible claims, Wego's motion should be denied.

## Legal Standard

5. While Wego urges the Court to apply Rule 9(b) to claims brought under § 548(a)(1)(A) and § 24.005(a)(1) of TUFTA, the cases it cites for support only show that "the Fifth Circuit 'has not previously addressed the question of whether an actual fraudulent transfer claim is subject to Rule 9(b)'s heightened pleading requirements.'" *In re Northstar Offshore Group, LLC*, 616 B.R. 695, 732 (Bankr. S.D. Tex. 2020) (quoting *In re Life Partners Holdings, Inc.*, 926

F.3d 103, 118 (5th Cir. 2019)). In reality, "the district courts in this circuit are not in unanimity on this question," nor are the courts in several other circuits and districts. *In re Life Partners Holdings, Inc.*, 926 F.3d at 118. In other words, Wego's Rule 9(b) argument is not based on what the law is, but rather on what it wishes it were.

6. On a motion to dismiss for failure to state a claim, the Court should "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 502–03 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To survive dismissal, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; see also *Twombly*, 550 U.S. at 570 (holding complaint must allege enough facts to move the claim "across the line from conceivable to plausible"). Whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; see also *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) ("Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."). Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are "viewed with disfavor and [are] rarely granted." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)).

## Arguments and Authorities

I. **The complaint states a plausible claim—alleging the *who, what, when*, *where*, and *why*.**

8. Wego argues Trustee's claims under § 548(a)(1)(A) and § 24.005(a)(1) of TUFTA

must satisfy Rule 9(b). *See, e.g.,* Mot. at ¶ 3, 5-7, 9. But the Fifth Circuit has never imposed this standard on such claims.

9. Nor would it make sense to impose such heightened pleading standards. "Rule 9(b) exists to ensure that the Defendants have notice of the precise act or conduct that is being questioned as fraudulent *so they have ample opportunity to defend their good name*." *In re Northstar Offshore Group, LLC*, 616 B.R. at 734 (quoting *In re NE 40 Partners, Ltd.*, 411 B.R. 352, 365 (Bankr. S.D. Tex. 2009) (emphasis added)). That purpose is not at all served by applying it to recipients of fraudulent transfers under § 548(a)(1)(A) or § 24.005(a)(1) of TUFTA because these recipients are not the ones who engaged in fraud. Rather, the transferors (here, QAI) are the guilty parties. So, the purpose of Rule 9(b)—to give the accused defendant a chance to defend its good name—is unnecessary.

10. While the Court certainly has an interest in applying the right law, the reality is that under any pleading standard, Trustee's claims are properly alleged and asserted. Even if the heightened pleading standard of Rule 9(b) applies, the Complaint's allegations suffice. A Rule 9(b) pleading is sufficient where it "plead[s] the who, what when, where, and why as to the fraudulent conduct." *In re Northstar Offshore Group, LLC*, 616 B.R. at 733. The Complaint here meets these requirements.

11. The Complaint identifies QAI as the "who" who committed the fraud. *See, e.g.,* Compl. at ¶ 1 ("This action seeks to avoid and recover fraudulent and preferential transfer made by Debtor QAI[.]"); *see also Id.* at ¶¶ 3, 14–15, 17, 19–20, 22–23, 34–36.

12. Similarly, the Complaint identifies the "what" as the transfers of money made by QAI to Wego. *See, e.g.,* Compl. At ¶ 1 ("Debtor QAI made transfers of at least $1,489,512.00

during that time to, and for the benefit of, Defendant Wego by way of money transfers[.]"); *see also Id.* at ¶¶ 2–3, 14–15, 17, 19-20, 22–23, 32, 34–37.

13. As for the "when" and "where," (and also the "who" and "what") paragraph 15 details the dates, amounts, and recipient of each transfer in a table.

| Payment Date | Payment To | Payment Amount |
|---|---|---|
| 10/12/2018 | Wego | $426,600.00 |
| 12/27/2018 | Wego | $426,600.00 |
| 4/15/2019 | Wego | $170,640.00 |
| 6/14/2019 | Wego | $154,764.00 |
| 8/16/2019 | Wego | $84,660.00 |
| 8/29/2019 | Wego | $84,660.00 |
| 4/9/2020 | Wego | $37,626.67 |
| 4/17/2020 | Wego | $55,000.00 |
| 4/24/2020 | Wego | $13,961.33 |
| 5/1/2020 | Wego | $35,000.00 |
| | Total: | $1,489,512.00 |

*Id.* at ¶ 15; *see also In re NE 40 Partners, Ltd.*, 411 B.R. at 365 (holding that a "table of payments, including the dates of all the transfers, the amounts, and the payees" satisfies the "who," "what," "when," and "where" requirements of Rule 9(b)).

14. Finally, the Complaint addresses the "why" in several paragraphs. *See, e.g.,* Compl. at ¶ 19 ("Debtor QAI made these transfers with actual intent to hinder, delay, or defraud its creditors."); *see also Id.* at ¶¶ 17, 34.

II. **The Complaint sufficiently pleads facts to support Trustee's § 548(a)(1)(B) and §§ 24.005(a)(2) and 24.006(a) of TUFTA claims.**

15. In its Motion, Wego argues Trustee failed to "plead sufficient factual content" to support his § 548(a)(1)(B) and §§ 24.005(a)(2) and 24.006(a) TUFTA claims. Mot. at ¶ 14. But Wego holds Trustee to a higher standard than Rule 12(b)(6) imposes.

16. Simply put, the complaint sufficiently alleges claims against Wego under § 548(a)(1)(B) and §§ 24.005(a)(2) and 24.006(a) of TUFTA. Under § 548(a)(1)(B), "a bankruptcy

trustee may avoid a transfer that was made within two years before the date the bankruptcy petition was filed if the debtor 'received less than a reasonably equivalent value in exchange for such transfer or obligation' and either 'was insolvent on the date that such transfer was made" or "intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured[.]" *In re: Brown Medical Center, Inc.*, 552 B.R. 165, 169 (S.D. Tex. 2016) (quoting § 548(a)(1)(B)). The requirements under §§ 24.005(a)(2) and 24.006(a) are essentially the same. *See, e.g., Id.* at 170 (stating a transfer is avoidable under § 24.005(a)(2) if it was made without receiving reasonably equivalent value and the debtor reasonably should have believed the debtor would incur debts it could not pay as they became due, and avoidable under § 24.006(a) if it was made without receiving reasonably equivalent value and the debtor was insolvent at the time of the transfer).

### A. The transfers were made within two years of the bankruptcy petition's filing.

17. QAI petitioned for bankruptcy petition on May 24, 2020. Compl. at ¶ 11. Paragraph 15 of the complaint contains a table of all payments the Trustee seeks to recover in this case.

| Payment Date | Payment To | Payment Amount |
|---|---|---|
| 10/12/2018 | Wego | $426,600.00 |
| 12/27/2018 | Wego | $426,600.00 |
| 4/15/2019 | Wego | $170,640.00 |
| 6/14/2019 | Wego | $154,764.00 |
| 8/16/2019 | Wego | $84,660.00 |
| 8/29/2019 | Wego | $84,660.00 |
| 4/9/2020 | Wego | $37,626.67 |
| 4/17/2020 | Wego | $55,000.00 |
| 4/24/2020 | Wego | $13,961.33 |
| 5/1/2020 | Wego | $35,000.00 |
| | Total: | $1,489,512.00 |

*Id.* at ¶ 15.

18.     As the table shows, the earliest payment the Trustee seeks to avoid was made on October 12, 2018, less than two years before QAI petitioned for bankruptcy. So, Trustee seeks to recover payments only within the proper time-period.

**B.  QAI did not receive reasonably equivalent value for the transfers to Wego.**

19.     Likewise, the Complaint sufficiently alleges QAI did not receive reasonably equivalent value. For example, Trustee alleges that "Wego was engaged by Anchor" not QAI. Compl. at ¶ 13. Trustee also alleges there is "no contract between Defendant Wego and Debtor QAI," none of the products were ordered by QAI, nor were such products "ever used by, or benefitted, Debtor QAI," and that such products were of no benefit to QAI. *Id.* at ¶¶ 13–17. These same allegations sufficed in *In re: Brown Medical Center, Inc.* There, the court held that plaintiff had sufficiently alleged it did not receive reasonably equivalent value where it "allege[d] that [debtor] received less than reasonably equivalent value in exchange for the transfer because the transfers were made at the direction of and apparently for the benefit of Brown personally with no benefit to [debtor]." *In re: Brown Medical Center, Inc.*, 552 B.R. at 169. Nothing here warrants a different outcome.

20.     The Complaint alleges that (1) QAI did not engage Wego, (2) QAI did not order anything from Wego, (3) there is no contract between QAI and Wego for the provision of goods, and (4) no products ordered from Wego were ever used by or benefitted QAI. Compl. at ¶¶ 13–17. When these allegations are taken as true and construed in the light most favorable to Trustee, as they must be at the pleading stage, Trustee has properly pleaded that QAI did not receive reasonably equivalent value for the transfers it made to Wego.

**C.  The Complaint sufficiently pleads insolvency.**

21.     Despite Wego's desire for Trustee to *prove* insolvency, Trustee must only *plead* it.

In fact, a plaintiff need only plead 'enough facts to state a claim to relief that is plausible on its face.'" *Thompson*, 764 F.3d at 502–03. Here, that is exactly what Trustee did.

22. In *In re: Brown Medical Center, Inc.*, plaintiff brought claims under § 548(a)(1)(B) and §§ 24.005(a)(2) and 24.006(a) of TUFTA, and defendant moved to dismiss such claims, in part, on grounds the claims supposedly did not adequately plead insolvency. *In re: Brown Medical Center, Inc.*, 552 B.R. at 169. The court denied the motion, stating "the allegations in the First Amended complaint adequately state a fraudulent transfer claim under § 548(a)(1)(B) . . . [and] a constructive fraudulent transfer claim under TUFTA § 24.005(a)(2) and § 24.006(a)." *Id.* at 170.

23. How the plaintiff met its pleadings burden there illustrates how Trustee did so here. In that case, the court found sufficient plaintiff's "alleg[ation] that, when the transfers were made, [debtor] was either insolvent or became insolvent as a result of the transfers." *Id.* Moreover, the court found sufficient plaintiff's "alleg[ations] that, when the transfers were made, [debtor] was either engaged in business for which its remaining assets were unreasonably small in relation to that business," "reasonably should have known that it was incurring debts beyond its ability to pay as they became due," and that "when the transfers were made, [debtor] was either insolvent or became insolvent as a result of the transfers." *Id.* at 170. Here, Trustee has alleged the same facts. Compl. at ¶¶ 1, 23. Going one step further, Trustee has also alleged that, before the transfers at issue, QAI was already unable to make payments on debt as it became due and that, at the time of the transfers, "QAI's debts exceeded the fair valuation of all its assets[.]" Compl. at ¶¶ 10, 21, 36; *see also* 11 U.S.C. § 548(a)(1)(B)(ii)(III). Compl. at ¶¶ 35, 36. Moreover, Trustee has pleaded other facts regarding QAI's insolvency—including that its debts exceeded the fair-market value of its assets. *See, e.g.,* Compl. at ¶ 36.

24. As Trustee has sufficiently pleaded these claims, Wego's motion seeking to dismiss on this basis should also be denied.

### III. The Complaint sufficiently pleads facts to demonstrate standing under § 544(b)(1).

25. To have standing to sue under § 544(b)(1), Trustee must demonstrate the existence of an unsecured creditor who holds an allowable claim and who could avoid the transfers under state law. 11 U.S.C. § 544(b)(1). "[W]hile the Trustee need not identify the creditor(s) by name, he must establish that there is at least one unsecured creditor who meets those criteria." *In re Giant Gray, Inc.*, 629 B.R. 814, 828 (Bankr. S.D. Tex. 2020).

26. Wego concedes the Trustee alleges "[o]ne or more creditors exist whose claims arose before some of the Avoidable Transfers for whom the Trustee can act." Mot. at ¶ 16 (citing Compl. at ¶ 33). But it argues Trustee's allegations are "cryptic and conclusory" and insufficient under § 544(b)(1). *Id.* Furthermore, it insists Trustee must "specifically identify a single unsecured creditor with a claim that is avoidable under Texas law[.]" *Id.*

27. But the Fifth Circuit has never adopted the pleading standard Wego urges. In fact, bankruptcy courts in this district have found that naming a creditor is unnecessary. *In re Giant Gray, Inc.*, 629 B.R. at 828 (holding "the trustee need not identify the creditor(s) by name[.]"). Here, Trustee has met his burden of establishing at least one unsecured creditor exists: "One or more creditors exist whose claims arose before some of the Avoidable Transfers[.]" FAC at ¶ 33. Importantly, Trustee is not merely tracking the statute's language. He is adding factual support to the statutory framework with allegations that creditors exist who would have claims that arose before October 12, 2018 (when the avoidable transfers began).

28.     Because the Trustee need not expressly name a creditor, Wego's motion to dismiss on this basis should also be denied.[1]

## IV. The Complaint sufficiently pleads facts to support the Trustee's § 547 claim.

29.     The Complaint also pleads facts for § 547 claims. Wego disagrees for two elements: (1) "antecedent debt" (§ 547(b)(2)), and (2) Wego received "more than it would have received if the case were under chapter 7 and the transfers had not been made" (§ 547(b)(5)). Mot. at ¶ 19. This is incorrect.

### A. Trustee has satisfied § 547(b)(2).

30.     Indeed, Trustee has sufficiently pleaded the preference payments were made on account of antecedent debt. Under § 547(b)(2), "[a] debt is antecedent it if is incurred *before* the transfer." *In re Southmark Corp.*, 88 F. 3d 311, 316 (5th Cir. 1996). And here, the Complaint states the "transfers were paid pursuant to invoices" issued by Wego for "products or services *provided* by Defendant Wego." Compl. at ¶¶ 1, 20 (emphasis added); *see also Id.* at ¶¶ 13–14, 16–17, 20, 22. It is hard to imagine how this could have been pleaded any clearer. To the extent Wego quibbles with the meaning of "provided," the word is the past tense for "provide," which is defined as "to supply or make something available." *Provide*, MERRIAM-WEBSTER.COM, http://www.merriam-webster.com/dictionary/provide (last visited Oct. 12, 2022). So "provided," as used here, means Wego had already "supplied" the products by the time QAI made the transfers. Therefore, QAI's transfers were made in satisfaction of an antecedent debt and Wego's argument should be rejected.

---

[1] Dismissing the Trustee's TUFTA claims for not naming a creditor is especially unwarranted because any supposed insufficiency can easily be remedied. The claims register in the main bankruptcy case has over 400 creditors, and Wego has not, and cannot, allege that no such predicate creditor exists. At best, Wego's argument means that the Trustee should amend his pleadings to fix this supposed deficiency.

### B. Trustee has satisfied § 547(b)(5).

32. Trustee has also pleaded § 547(b)(5) sufficiently. Under § 547(b)(5), "the trustee must establish that the payment enabled the creditor to receive more than the creditor would have received upon liquidation under Chapter 7 of the bankruptcy code." *In re Stinson Petroleum Co., Inc.*, 506 Fed. Appx. 305, 309 (5th Cir. 2013); *see also* § 547(b)(5). Here, it is undisputed that the main bankruptcy case is proceeding under Chapter 7. Compl. at ¶ 11; s*ee also In re Q'Max America, Inc. et al.*, Case No. 6:20-bk-60030 in the Bankruptcy Court for Southern District of Texas, ECF No. 1 (QAI's Voluntary Petition for Chapter 7 Bankruptcy). It is also undisputed that Wego has not filed a claim against QAI in the main bankruptcy case. *See, e.g., Id.* at Claims Register (showing no claims filed by Wego). As such, Wego is not entitled to *any* amount upon liquidation in the main bankruptcy case. *See* Fed. R. Bankr. P. 3002(a) (requiring a creditor to file a proof of claim in order for the claim to be allowed). So *any* amount received by Wego during the preference period, on its face, "is more than the creditor would have received upon liquidation under Chapter 7 of the bankruptcy code." *In re Stinson Petroleum Co., Inc.*, 506 Fed. Appx. at 309. Thus, Wego's motion to dismiss Trustee's § 547 claim on this basis should also be denied.

## V. Alternatively, Trustee should be allowed to amend before dismissal.

32. While the arguments here show that Wego's motion should be denied, if the Court disagrees, dismissal is still not warranted. Instead, Trustee respectfully asks for an opportunity to amend. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[O]ur cases support the premise that 'granting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim[.]'") (quoting *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977) (per curiam)); *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001) ("[A] court may dismiss a claim for failing to comply with Rule 9(b), but 'it should not do so without granting leave to amend, unless

the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.'" (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)).

## Conclusion

33. For these reasons, Wego's motion dismiss the Trustee's claims should be denied.

Dated: October 21, 2022

                                                    Respectfully submitted,

McDOWELL HETHERINGTON LLP

By: /s/ Nicholas R. Lawson
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
Matthew Caldwell
Texas Bar No. 24107722
McDowell Hetherington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Nick.Lawson@mhllp.com
    Avi.Moshenberg@mhllp.com
    Matthew.Caldwell@mhllp.com

*Counsel for Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 21, 2022, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

/s/ *Nicholas R. Lawson*
Nicholas R. Lawson

## CERTIFICATE OF CONFERENCE

I certify that I met and conferred with counsel for Wego via phone call on October 6, 2022, and the parties were unable to resolve the matter.

/s/*Matthew Caldwell*
Matthew Caldwell